**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KENNETH L. SANFORD, | |
| Plaintiff, | Case No. 25-cv-2664 (JMC) |
| v. | |
| Hon. M. HANNAH LAUCK, in her individual and official capacity, *et al.*, | |
| Defendants. | |

**<u>MEMORANDUM OPINION</u>**

In 2021, Plaintiff Kenneth L. Sanford filed a lawsuit in the United States District Court for the Eastern District of Virginia against the City of Franklin, Virginia, Southampton County, Virginia, the County Administrator of Southampton County, Virginia (the Municipal Defendants), and Selective Insurance Company of America. United States District Court Judge M. Hannah Lauck dismissed his case, and the United States Court of Appeals for the Fourth Circuit affirmed her decision. Sanford now attempts to challenge that dismissal in this Court by suing Judge Lauck, the Clerk of the United States Court of Appeals for the Fourth Circuit, and the Clerk for the United States Supreme Court (the Federal Defendants), who he claims prevented him from filing a petition for writ of certiorari. He also sues the Municipal Defendants and Selective Insurance for their conduct in the federal court litigation. Because this Court has no jurisdiction to review the Federal Defendants' decisions, and because his claims against the remaining Defendants are time barred and state no viable cause of action, the Court dismisses this case in its entirety.

I.    **Factual Background**

For over a decade, Sanford has filed lawsuits rooted in allegations that the City of Franklin, Virginia "unlawfully sold [his] home at a public auction." *Sanford v. City of Franklin, VA*, No. 15-

cv-521, 2016 WL 8260049, at *1 (E.D. Va. Feb. 12, 2016) (*Sanford I*).[1] But none of his efforts to challenge that sale have been successful. In 2014, the Southampton County Circuit Court "determined that real estate taxes on [Sanford's] property were due and unpaid to the [City of Franklin]," and authorized the auction. *Id.* Sanford appealed the circuit court's order, but the Supreme Court of Virginia declined to hear his petition. *Id.* Then, in 2015, Sanford filed suit against the City of Franklin in the United States District Court for the Eastern District of Virginia alleging that it unlawfully sold his home, among other claims. *Id.* at *3–5. The district court dismissed his case, and the United States Court of Appeals for the Fourth Circuit affirmed the dismissal. *Id.*; *see* 668 Fed. Appx. 478 (4th Cir. 2016) (*per curium*). Sanford filed a petition for writ of certiorari in the United States Supreme Court, but the Supreme Court denied it. 580 U.S. 1129 (2017).

That brings us to the litigation that forms the bases of Sanford's claims in this case. In 2021, Sanford filed another action against the City of Franklin in the Eastern District of Virginia. *See Sanford v. City of Franklin, VA*, No. 21-cv-46, 2022 WL 4451332, at *8–9 (E.D. Va. Sept. 23, 2022) (*Sanford II*). Sanford again raised claims about the unlawful sale of his property. He also named additional Defendants: the County Administrator for Southampton County and Selective Insurance—an insurance company that the Court gathers was involved in the federal litigation. He alleged that the Southampton Circuit Court and its officers committed a host of violations in handling his case. But his complaint, did not include "any mention of any action taken by Selective Insurance," so it is not clear what he claimed Selective Insurance did to him in that litigation. *Id.* at *8. The case was assigned to Judge Lauck. Defendants moved to dismiss Sanford's case.[2] *Id.* at

---

[1] In ruling on a motion to dismiss, the Court can take judicial notice of public documents from other court proceedings. *See, e.g.*, *Donelson v. U.S. Bureau of Prisons*, 82 F. Supp. 3d 367, 371 (D.D.C. 2015), *aff'd sub nom. Donelson v. Fed. Bureau of Prisons*, No. 15-5136, 2015 WL 9309944 (D.C. Cir. Dec. 7, 2015).

[2] The moving Defendants contend that Sanford filed this case in the "wrong district," ECF 13-1 at 1 & n.1, but do not expressly seek dismissal on that ground. So the Court does not consider that question here.

*1. In a thorough opinion that she issued in 2022, Judge Lauck considered each of Sanford's claims and explained why they were frivolous or otherwise subject to dismissal. *Id.* at *6–11. Sanford appealed Judge Lauck's judgment. In an unpublished per curiam order, the Fourth Circuit affirmed Judge Lauck's dismissal, finding that Sanford did "not challenge the bases for the district court's disposition" and thus "forfeited appellate review of the court's order." *Sanford v. City of Franklin*, No. 22-2273, 2023 WL 6567884, at *1 (4th Cir. Oct. 10, 2023) (*per curiam*).

Sanford alleges that he attempted to seek review of the Fourth Circuit's decision in the United States Supreme Court but was unable to file his petition for writ of certiorari. ECF 2 at 3. That is because, according to Sanford, the Supreme Court Clerk's Office rejected his filings and "required 16 successive revisions, each citing new technical objections," before finally telling him that "the filing deadline had expired." *Id.*

In August 2025, Sanford filed the instant lawsuit. ECF 1. He amended his complaint as of right in September 2025. ECF 2. He sues many Defendants who the Court refers to as follows: the Federal Defendants, the Municipal Defendants, and Selective Insurance. The Federal Defendants are Judge Lauck and the Clerks of Court for the Fourth Circuit and the Supreme Court. *Id.* at 2. Pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), he alleges that these Federal Defendants violated his due process and equal protection rights under the Constitution's Fifth Amendment and his Seventh Amendment right to a jury trial when his case was dismissed "without hearing," his Supreme Court petition was sealed "without notice," and he was subjected to "excessive procedural hurdles"—presumably referring to his attempts to file his petition with the Supreme Court. *Id.* at 4. He also claims that the Federal Defendants conspired with the other Defendants to "obstruct [his] access to the courts," which he alleges is an actionable "civil rights conspiracy" under 42 U.S.C. § 1985. *Id.* at 5.

3

Sanford sues the Municipal Defendants (the City of Franklin, Virginia, Southampton County, Virginia, and the County Administrator of Southampton County, Virginia) for their conduct as litigants in the federal court proceedings. He claims that the Municipal Defendants "maintained a policy/custom of avoiding merits adjudication through procedural dismissals." *Id.* According to Sanford, then, the Municipal Defendants are liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978) for violating his constitutional rights, as well as under 42 U.S.C. § 1985 for being a part of the alleged civil rights conspiracy. *Id.* at 1, 5.

Finally, in addition to accusing Selective Insurance of violating his constitutional rights under section 1983 and participating in the conspiracy under section 1985, Sanford brings a claim against it that he labels "negligence/bad faith insurance." *Id.* at 5. Sanford contends that Selective Insurance owed him "a duty of good faith under Virginia law" and "breached that duty by instructing counsel to delay proceedings and refusing settlement in bad faith." *Id.*

Sanford's amended complaint also sets forth the remedies that he seeks against Defendants. In addition to requesting that this Court declare that "Defendants violated his constitutional rights," he asks the Court to "[o]rder reinstatement or reopening of his dismissed case," grant unspecified "injunctive relief," and award costs, fees, and "any other relief deemed just and proper." *Id.* He also demands "trial by jury on all issues so triable." *Id.*

The Municipal Defendants and Selective Insurance moved to dismiss Sanford's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF 13. Plaintiff filed oppositions to the Municipal Defendants' motion. ECF 14; ECF 17.

On December 4, 2025, the Federal Defendants filed a notice of non-service. ECF 29. Their notice informed the Court that Sanford failed to properly effect service on them because he had not served the U.S. Attorney's Office for the District of Columbia as required. *Id.* at 2–4.

4

Recognizing that Sanford is appearing pro se, the Federal Defendants asked the Court to provide Sanford an additional thirty days to effect proper service, and requested that the Court dismiss his case if he failed to meet the extended deadline. *Id.* at 4. The Court issued an order informing Sanford of the Federal Defendants' notice, identified how Sanford's service was deficient, and directed Sanford to rules providing instructions on how to properly serve the U.S. Attorney's Office for the District of Columbia, ECF 31 at 3. The Court then set a deadline to allow Sanford additional time to effect service and warned him that dismissal of his case against those Defendants was a potential consequence of not doing so. *Id.* Sanford responded to the Federal Defendants' notice and the Court's order by resubmitting his earlier affidavits of service that he believed proved he had properly served the Federal Defendants. ECF 32. But those documents do not reflect that Sanford ever served the U.S. Attorney's Office for the District of Columbia.

## II.    Legal Standards

"Federal courts are courts of limited jurisdiction," and it is generally "presumed that a cause lies outside [of] this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because federal courts are "forbidden . . . from acting beyond [their] authority," "subject matter jurisdiction may not be waived, and . . . courts may raise the issue *sua sponte.*" *NetworkIP, LLC v. FCC*, 548 F.3d 116,120 (D.C. Cir. 2008). If a court lacks subject matter jurisdiction to entertain a claim, it must dismiss that claim. Fed. R. Civ. P. 12(h)(3).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A court "need not accept inferences drawn by plaintiff if those inferences are not supported by the facts set out in the complaint, nor must the court accept legal conclusions cast as factual allegations." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012). The Court acknowledges that a pro se complaint must "be held to less stringent standards than formal

5

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even a pro se plaintiff "must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Jones v. Horne*, 634 F.3d 588, 596 (D.C. Cir. 2011). The Court may dismiss a claim *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) "without notice where it is 'patently obvious' that the plaintiff cannot possibly prevail based on the facts alleged in the complaint." *Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 127 (D.C. Cir. 2010).

## III.   Analysis

The Court dismisses this case its entirety. Sanford's claims against the Federal Defendants are dismissed *sua sponte* because the Court has no jurisdiction to review the decisions of other federal courts and these Defendants are immune from any suit for money damages. His claims against the remaining Defendants are dismissed because they are time barred and his complaint fails to state any viable causes of action. The Court explains the reasons for its decision below.

### A.      The Court Dismisses All of Sanford's Claims Against the Federal Defendants[3]

The Court cannot entertain any of Sanford's claims against the Federal Defendants. "A federal district court lacks jurisdiction to review decisions of other federal courts," plain and simple. *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006). Sanford's claims that Judge Lauck and the Fourth Circuit violated his constitutional rights and allegedly conspired against him are based on the district court dismissing his case and the Fourth Circuit affirming that

---

[3] As the Court mentioned earlier, the Federal Defendants filed a notice raising an issue with service, ECF 29, that does not appear to have been corrected to date. But a court may decline to grant a request to dismiss for insufficient process when a plaintiff is "*pro se* and could still serve process consistent with the Federal Rules," *Bullock v. Hana Indus., Inc.*, No. 22-cv-2608, 2024 WL 620440, at *2 (D.D.C. Feb. 14, 2024), and is required to extend the deadline to accomplish service if the failure to do so was for "good cause," Fed. R. Civ. P. 4(m). Giving Sanford any additional time to perfect service would be an exercise in futility. Regardless of the resolution of any service issues, Sanford's claims against the Federal Defendants are subject to *sua sponte* dismissal. So the Court does not address the service issues here.

dismissal. ECF 2 at 3–4 (alleging that the district court "dismissed" his case "without hearing or jury trial" and that the Fourth Circuit issued "an unsigned, unpublished opinion affirming dismissal of Plaintiff's case, which relied on . . . a decision unrelated to Plaintiff's due process claims"). This Court has no authority to review the propriety of another court's decisions, opine on the district court's decision to resolve Sanford's case without a hearing, comment on an appellate court's determination that its decision should be unpublished, or direct those courts to reopen his case, as he expressly demands. *Id.* at 5. Because "the bases for the . . . violations [Plaintiff] alleges are decisions made in separate legal proceedings by [other federal courts]," this Court lacks subject matter jurisdiction and his case must be dismissed. *Klayman v. Rao*, 49 F.4th 550, 553 (D.C. Cir. 2022).

That principle applies with even greater force to Sanford's claims against the Clerk of the Supreme Court. It is the "right and duty of the Supreme Court to correct the irregularities of its officer and compel him to perform his duty." *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (quoting *Griffin v. Thompson*, 43 U.S. (2 How.) 244, 257 (1844)). "[T]his supervisory responsibility is exclusive to the Supreme Court and . . . neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise." *Id.* As such, the lower courts lack "subject matter jurisdiction to review any decision of the Supreme Court or its Clerk." *Id.* Because the Court lacks subject-matter jurisdiction over Sanford's claims against the Clerk of the Supreme Court concerning the filing requirements imposed upon him, the Court must dismiss those claims as well.

Sanford's claims for money damages against the Federal Defendants face an additional hurdle—judicial immunity. "[G]enerally, a judge is immune from suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "This absolute immunity protects judges from allegations

predicated on actions that they performed in their judicial capacity." *Smith v. Scalia*, 44 F. Supp. 3d 28, 41 (D.D.C. 2014). The immunity "also extends to . . . other court actors acting within the scope of their judicial duties," including judicial employees. *Jafari v. United States*, 83 F. Supp. 3d 277, 280 (D.D.C. 2015). Specifically, "clerks, like judges are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). A clerk of court determining whether a litigant's filings comply with a court's procedural rules or making sealing decisions, ECF 2 at 3, certainly falls in this category. And as to Sanford's other claims concerning the district court's decision to dismiss his case without a hearing or the Fourth Circuit's decision to affirm the dismissal of his case, those challenged actions are "quintessential official judicial acts" and are undoubtedly protected by absolute judicial immunity. *See Jafari*, 83 F. Supp. 3d at 280 (finding that "granting and denying hearings, issuing decisions, and generally adjudicating [a] plaintiff's case" are all "quintessential official judicial acts . . . protected by absolute judicial immunity"). The Court dismisses his claims for money damages against the Federal Defendants "without notice" because it is "patently obvious that [Sanford] cannot possibly prevail based on the facts alleged in the complaint." *Rollins*, 703 F.3d at 127 ; *see also Cladek v. Corrigan*, No. 25-cv-2066, 2025 WL 2171092, at \*1 & n.1 (D.D.C. July 31, 2025) (collecting cases in which courts in this district have *sua sponte* dismissed cases seeking money damages against judicial officers), *aff'd sub nom. Cladek v. Corrigan*, No. 25-5345, 2026 WL 2042984 (D.C. Cir. July 15, 2026).

Accordingly, the Court dismisses Sanford's claims against the Federal Defendants.

**B.    The Court Dismisses Sanford's Federal Claims Against the Municipal Defendants and Selective Insurance**

The Court grants the Municipal Defendants' and Selective Insurance's motion to dismiss Sanford's federal claims alleging violations of 42 U.S.C. § 1983 and § 1985.[4]

First, the Court agrees that his claims are time barred. ECF 13-1 at 8. The Virginia statute of limitations for claims under both section 1983 and section 1985 is two years. *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (section 1983); *Johnson v. Henrico Cnty. Bd. of Supervisors*, 751 F. Supp. 3d 627, 640 (E.D. Va. 2024) (section 1985). Sanford's amended complaint challenges the moving Defendants' conduct between 2018 and 2021. ECF 2 at 3 (alleging that "between 2018 and 2021 . . . the municipalities sought dismissal based on procedural grounds and avoided evidentiary hearings" and detailing Selective Insurance's conduct that occurred in "March 2021"). While Sanford claims that his complaint 'identifies continuing acts through 2023 and 2024," ECF 17 at 3, it does not. In fact, the last date that he alleges any Defendant did something relevant to this case is on October 14, 2022, when the Supreme Court informed him that his deadline for filing his petition for writ of certiorari had expired. ECF 2 at 3. But Sanford did not file this case until August 2025, which is well beyond the two-year statute of limitations. Accordingly, his federal law claims against these Defendants are dismissed.

Sanford fails to state a claim on the merits as well.[5] He has not alleged any facts sufficient to state a claim under section 1985 for an alleged "civil rights conspiracy." Relevant here, a plaintiff can seek relief under 42 U.S.C. § 1985(3) for "a conspiracy to deprive a person of rights,

---

[4] Sanford does not cite section 1983 in his complaint, but the Court interprets his constitutional claims brought against the Municipal Defendants as brought under that statute because he is pro se and references the statute in his opposition to the motion to dismiss. *See* ECF 2 at 4 (bringing due process, Seventh Amendment, and equal protection claims against unspecified Defendants); ECF 17 at 1 (stating that he intended to state a plausible claim for relief under section 1983).

[5] Because Sanford is pro se and has filed many cases, the Court explains its alternative grounds for dismissal so that he fully understands why his claims cannot go forward.

privileges, and the equal protection of the laws." *Walsh v. JPMorgan Chase Bank, NA*, 75 F. Supp.

3d. 256, 264 (D.D.C. 2014) (citing 42 U.S.C. § 1985(3)). To state this claim, a plaintiff must allege

facts that show "the existence of an actual conspiracy" and "[c]onclusory allegations of an

agreement will not suffice." *Burnett v. Sharma*, 511 F. Supp. 2d 136, 143 (D.D.C. 2007). That is,

a plaintiff must show:

> (1) an agreement between two or more persons; (2) to participate in an unlawful
> act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt
> act performed by one of the parties to the agreement; (4) which overt act was done
> pursuant and in furtherance of the common scheme

*Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983).

Sanford offers nothing but conclusory allegations to establish that that any Defendant

engaged in any conspiracy against him. His amended complaint alleges that this "action arises

from a series of coordinated acts" by Defendants and that "Defendants agreed to obstruct Plaintiff's

access to the courts," ECF 2 at 1, 5, but he offers no factual support for his assertions. He only

offers labels and conclusions reciting the requirement that there be some agreement to establish a

conspiracy, but that is not sufficient. *See, e.g.*, *Burnett*, 511 F. Supp. 2d at 143 (holding that

"Plaintiff's claim under § 1985 must fail at the outset . . . because the allegations of the amended

complaint as to the existence of the conspiracy are conclusory at best"); *Prince v. District of

Columbia*, No. 22-cv-746, 2022 WL 17415058, at *4 (D.D.C. Dec. 5, 2022) ("Conclusory

allegations without factual support, such as events, conversations, or documents indicating that

there was ever an agreement or meeting of the minds between any of the defendants, are

insufficient to prove a conspiracy."). Nor is it clear to the Court what Sanford alleges that these

Defendants did that was unlawful. All Sanford complains about is that these Defendants caused

"procedural dismissals" of his cases. ECF 2 at 5. And there is nothing illegal about that.

10

And he cannot bring his constitutional claims against the Municipal Defendants because a municipal defendant can only be liable under section 1983 "where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis omitted). To succeed on a claim against a municipal defendant, a plaintiff must allege facts to show not only that he suffered a constitutional violation, but that a "custom or policy of the municipality caused the violation." *Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003). Sanford's amended complaint includes only the bare allegation that the Municipal Defendants "maintain an unwritten policy of defending litigation by leveraging procedural dismissals rather than addressing claims on the merits." ECF 2 at 3. Putting aside the fact that the Court sees no way that a litigant's strategic efforts to get an opposing party's case dismissed can be considered a constitutional violation, Sanford's claim about some alleged unwritten policy is merely a "legal conclusion[] cast in the form of [a] factual allegation[]," *Grissom v. District of Columbia*, 853 F. Supp. 2d 118, 123 (D.D.C. 2012), and is insufficient to establish an express municipal policy under *Monell. See Winston v. District of Columbia*, No. 23-cv-3832, 2025 WL 763763, *3 (D.D.C. Mar. 11, 2025) (explaining that to state a claim under *Monell* "[a] complaint must offer more than these keywords and instead identify supporting facts"); *Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) ("[M]erely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual heft to support the allegation is insufficient to state a claim under § 1983.").[6]

---

[6] Nor can he sue Selective Insurance for any purported constitutional violations under section 1983 because there is no allegation—or even suggestion—in his complaint that Selective Insurance "acted 'under color of' the law of a state, territory or the District of Columbia" in any of its dealings with Sanford. *Hoai v. Vo*, 935 F.2d 308, 312 (D.C. Cir. 1991) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)); *see also West v. Atkins*, 487 U.S. 42, 49 (1988) (recognizing that a defendant acts under color of state law if he "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law").

### C.  Sanford's Remaining State Law Claim Against Selective Insurance Is Dismissed

Finally, the Court dismisses Sanford's claim that he labels "negligence/bad faith insurance," in which he alleges that Selective Insurance "breached" its duty of good faith under Virginia law "by instructing counsel to delay proceedings" and "refusing settlement in bad faith." ECF 2 at 5. That claim is also time barred. ECF 13-1 at 8. Virginia's state code "does not provide a statute of limitations for negligence," *Broyhill v. Bank of Am., N.A.*, No. 10-cv-905, 2010 WL 3937400, at *4 (E.D. Va. Oct. 6, 2010), but courts have found that the "statute of limitations applicable to claims for personal injury other than bodily injury" applies to claims of negligence and breach of fiduciary duty. *Resolution Tr. Corp. v. Walde*, 856 F. Supp. 281, 285 (E.D. Va. 1994) (citing Va. Code § 8.01–248); *see also Carlisle v. Allianz Life Ins. Co. of N. Am.*, No. 19-cv-565, 2020 WL 10099852, at *9 (E.D. Va. July 31, 2020) (finding that where negligence claims are "closely linked" to breach of fiduciary duty claims, the two-year statute of limitations applies). The relevant statutes provide for a statute of limitations of two years measuring from the "date the injury is sustained." Va. Code. § 8.01-248; *id.* § 8.01-230. The amended complaint alleges that Selective Insurance engaged in the challenged conduct in "March 2021" and Sanford's "damage" occurred at that time, when the proceedings were delayed and settlement refused. ECF 2 at 5. And as the Court observed earlier, Sanford did not file this action until 2025, well beyond the two-year statute of limitations period. Accordingly, his state law claim against Selective Insurance is dismissed.[7]

---

[7] Beyond the statute of limitations, Sanford's state law claim is the type of claim the Court can dismiss because it is "patently obvious" that he cannot prevail. *Rollins*, 703 F.3d at 127. Sanford advances no precedent, or even theory, under which Selective Insurance would owe any duty to Sanford as an opposing party in litigation. And to the extent he is trying to make out some claim of negligence against Selective Insurance's attorneys for their litigation conduct, they owed him no duty either. *See Ayyildiz v. Kidd*, 220 Va. 1080, 1085 (1980) (noting that attorneys are usually only liable for damages to their clients). Nor is there anything negligent, or even wrong, about a defendant seeking to have a case against it dismissed. It appears that Sanford has abandoned any standalone claim for "bad faith." ECF 17 at 3 (arguing that whether he has stated a claim for "bad faith is immaterial at this stage because Plaintiff's

*   *   *

Finally, the Court addresses Sanford's request in his opposition that the Court should grant him leave to amend his complaint if there are deficiencies with his pleadings. ECF 17 at 5. Plaintiffs cannot seek leave to amend their complaint through an opposition to a motion to dismiss. *See Confederate Mem's Ass'n, Inc., v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993) (recognizing that "a bare request in an opposition to a motion to dismiss . . . does not constitute a motion [to amend] within the contemplation of Rule 15(a)"). And because Sanford has not submitted a proposed amended complaint, as required by this Court's Local Rules, the Court has nothing to review to understand what amendments he would make and whether any such amendments would fix the problems identified in this opinion. *See* LCvR 7(i). Even though Sanford is pro se, the Court sees no reason to look past the rules and grant him leave to file an amended complaint based on the bare request in his opposition because additional amendments could not fix the jurisdictional and timeliness issues that are the bases of the Court's dismissal.

*   *   *

For the foregoing reasons, the Municipal Defendants and Selective Insurance Company's motion to dismiss, ECF 13, is **GRANTED**. The Court also **DISMISSES** Sanford's claims against the Federal Defendants *sua sponte*. Sanford's motion to take judicial notice, ECF 11, is **DENIED** as moot, as the Court has taken judicial notice of relevant court proceedings in this opinion. Sanford's motion for leave to file an updated motion for entry of default, ECF 55, is **DENIED** as moot because this case is **DISMISSED**. A separate order accompanies this memorandum opinion.

---

allegations support claims for negligen[ce] . . . ."). But to the extent Sanford is seeking to bring "bad faith insurance" as a free-standing cause of action against Selective Insurance, the Court agrees with Defendant that no such claim exists under Virginia law. *See* ECF 13-1 at 8 (citing *Atl. Permanent Fed. Sav. & Loan Ass'n v. Am. Cas. Co.*, 670 F. Supp. 168 (E.D. Va. 1986)); *Atl. Permanent Fed. Sav. & Loan Ass'n*, 670 F. Supp. 168 at 170 ("The Court finds that . . . Virginia does not recognize the tort of insurer bad faith.").

13

**SO ORDERED.**

_____

JIA M. COBB
United States District Judge

Date: July 30, 2026